# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**COOK PRODUCTIONS LLC,**

    **Plaintiff,**

                                    Case No. 2:16-cv-1192
                                    Judge Michael H. Watson

    v.                                  Magistrate Judge Elizabeth P. Deavers

**JOHN DOES 1–15,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on the July 24, 2017, Show Cause Order. (ECF No. 42.) For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendant Jennifer Lipsy **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

## I.

On June 2, 2017, Plaintiff amended the Complaint, naming individuals in place of John Doe Defendants. (ECF No. 14.) The docket reflects that Plaintiff effected service of process on Defendant Jennifer Lipsy on June 26, 2017, and that this Defendant's response to the Amended Complaint was due July 17, 2017. (ECF No. 30.) Defendant Lipsy did not file an answer or other responsive pleading.

Because Plaintiff did not apply for and obtain an entry of default from the Clerk pursuant to Federal Rule of Civil Procedure 55(a) against Defendant Lipsy, on July 24, 2017, the Court ordered Plaintiff to show cause within fourteen days why its claims against this Defendant

should not be dismissed for failure to prosecute unless it has applied for an entry of default from the Clerk. (ECF No. 42.)

Plaintiff has not applied for an entry of default or otherwise responded to the Show Cause Order.

**II.**

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's claims against Defendant Lipsy without prejudice pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (*citing K*noll, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is

properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.* (quoting *Knoll*, 176 F.3d at 363).

## III.

Here, the record demonstrates such delay. After Defendant Lipsy failed to timely respond to the Amended Complaint and Plaintiff did not apply for an entry of default from the Clerk, the Court ordered Plaintiff to show cause why its claims against Defendant Lipsy should not be dismissed for prejudice for want of prosecution. This Show Cause Order provided Plaintiff with adequate notice of the Court's intention to dismiss these claims for failure to prosecute and supplied Plaintiff with a reasonable period of time to respond or to apply for entry of default. Nevertheless, Plaintiff has continued to fail to apply for entry of default and has wholly failed to respond to the Show Cause Order. Because Plaintiff has missed deadlines and disregarded a Court Order, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims against Defendant Jennifer Lipsy **WITHOUT PREJUDICE** under Rule 41(b).

## IV. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

3

Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: August 9, 2017                                    /s/ *Elizabeth A. Preston Deavers*
                                                        ELIZABETH A. PRESTON DEAVERS
                                                        UNITED STATES MAGISTRATE JUDGE